UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TERRY and NANCY BERRY            Civil No. 3:20-cv-537-TAD-KLH
          Plaintiffs

           VS.            Judge Doughty

MONSANTO COMPANY,

           Magistrate Judge Hayes
          Defendant

**RULE 26(f) CASE MANAGEMENT REPORT**

A meeting of counsel (and any unrepresented parties) was held on August 26, 2020 by X☐ telephone or ☐ in person. The following persons participated: Randal Kauffman for Plaintiffs; Brett Covington and Judy Barrasso for Defendant Monsanto Company.

1. **Initial Disclosures:**

   The parties agree that Rule 26(a)(1) initial disclosures shall be exchanged by September 2, 2020.

2. **Jurisdiction:**

   Jurisdiction is founded upon 28 U.S.C. § 1332 as the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri. Plaintiffs are citizens of Louisiana.

3. **Joinder of Parties and Amendment of Pleadings:**

   The deadline for seeking joinder of parties and amendment of pleadings shall be November 19, 2020.

4. **Related Cases:**

   None. This case involves a plaintiff (Terry Berry) alleging that his exposure to Monsanto's Roundup®-branded products caused him to develop Parkinson's disease, which is a nervous system disorder. There has not been any discovery or work-up in another Roundup® lawsuit involving a plaintiff with Parkinson's disease. This case therefore raises entirely new scientific

and causation issues, wholly distinct from the majority of Roundup® lawsuits, which involve plaintiffs with non-Hodgkin's lymphoma (or other types of cancers). The parties agree that some of the documents Monsanto produced in the MDL proceedings may be relevant to this case, and will confer as discovery proceeds as to the scope of discovery from the MDL proceedings that should be produced in this matter.

5. **Discovery Issues:**

    A. The parties agree that discovery should be sequential, so that expert discovery does not start until after fact discovery has closed.

    B. The parties agree that fact discovery in this complex product liability lawsuit should be eight months, starting on September 3, 2020, and closing on May 3, 2021. Depositions of fact witnesses must be completed by the close of fact discovery, and written discovery requests must be served by April 2, 2021 (thirty days before the deadline for completing fact discovery).

    C. The parties have agreed on the use of four procedural orders that closely track similar orders entered in the federal multidistrict litigation ("MDL") proceedings in the United States District for the Northern District of California (*In re: Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC) and in other Roundup® lawsuits outside of the MDL: (1) Protective and Confidentiality Order, (2) Order Governing Privilege Logs, (3) Stipulation and Order Governing Protocol for Discovery of Electronically Stored Information, and (4) Order Governing Federal Rule of Evidence 502(d) Clawback Provision. These procedural orders have been used in substantially-equivalent form in numerous other federal and state cases outside the MDL alleging injuries from exposure to Monsanto's Roundup®-branded herbicides. The MDL judge deemed these orders necessary for the orderly facilitation of significant discovery. To promote the orderly, just, speedy, and inexpensive determination of this action, the parties will seek entry of these four procedural orders here as well. The four proposed procedural orders are attached as **Exhibit 1** for this Court's review.

    D. To help streamline fact discovery, Mr. Berry will complete a Plaintiff Fact Sheet and execute releases for various types of records (including but not limited to medical and employment records). The Plaintiff Fact Sheet (and authorizations) will follow the model approved by the federal judge overseeing the Roundup® MDL and used in substantially-equivalent form in hundreds of other Roundup® lawsuits. The Plaintiff Fact Sheet (and authorizations) are attached as **Exhibit 2**.

    E. Given the COVID-19 National Emergency, counsel for Monsanto has experienced significant delays in collecting medical, employment, and other types of documents in other Roundup® cases. Given the anticipated delays in this case, the parties will likely not be in a good position to move forward with any fact witness depositions for several months (particularly of treating physicians). Given these anticipated delays, the parties have proposed an eight-month fact discovery period. The parties are optimistic that this will provide sufficient time to not only collect the necessary documents to work up this case, but also provide sufficient time to complete all necessary fact witness depositions and

engage in written discovery. Should the parties require additional time, they will promptly notify this Court and seek modification of the case schedule as appropriate.

F. For expert discovery, the parties propose a five-month period starting on May 4, 2021, and ending on October 1, 2021. This is a complex product liability lawsuit that involves issues of both general causation (*i.e.*, whether Roundup®-branded herbicides are generally capable of causing Parkinson's disease) and specific causation (*i.e.*, whether Mr. Berry's exposure to Roundup®-branded products proximately caused his Parkinson's disease).

G. To help streamline expert discovery, the parties have agreed to stage expert discovery so that Plaintiffs will designate and provide their expert reports first (by May 4, 2021). Monsanto will then have 45 days to designate and provide its expert reports (by June 18, 2021). Depositions of all designated expert witnesses must be completed by October 1, 2021.

6. **Alternative Dispute Resolution:**

The parties agree that it will be more efficient to explore private mediation following the close of fact discover rather than at an earlier stage in this litigation.

7. **Trial by Magistrate Judge:**

The parties do not consent to a trial by Magistrate Judge.

|  |  |
|---|---|
| September 2, 2020 | /s/ Gregory Allan Placke, Attorney for Plaintiffs (Signature and Party Represented) |
| September 2, 2020 | /s/ Judy Barrasso, Attorney for Defendant (Signature and Party Represented) |

Judy Y. Barrasso, (LA 2814)
Celeste R. Coco-Ewing, (LA 25002)
Shaun P. McFall, (LA 37225)
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
jbarrasso@barrassousdin.com
ccoco-ewing@barrassousdin.com
smcfall@barrassousdin.com